JAMES I. NASH, DEFENDANT IN ERROR, v. SECOND NATIONAL BANK OF RED BANK, PLAINTIFF IN ERROR.

Submitted December 10, 1901—Decided March 3, 1902.

The plaintiff, having sold a carload of oats, drew a draft on the buyer for the price, dated July 12th, 1899, and payable at sight to the order of the Middlesex County Bank. On July 13th he delivered the draft to that bank for collection and on the same day the

bank endorsed it and sent it for collection to the defendant bank, located in the town where the drawee lived. On the afternoon of that day the Middlesex County Bank, being insolvent, was closed by the banking department of the state and its business as a bank ceased. On July 14th the defendant presented the draft to the drawee and received payment thereof. The plaintiff was never credited with the amount of the draft by the Middlesex County Bank, nor was that bank credited with it by the defendant until after the draft was paid, when the defendant, having no notice of the other bank's insolvency, gave credit for it on the account current between the banks, which still shows a balance due the defendant. *Held,* that the plaintiff was entitled to recover the proceeds of the draft from the defendant.

On error to the Middlesex Circuit.

For the plaintiff in error, *John S. Applegate & Son.*

For the defendant in error, *Adrian Lyon.*

The opinion of the court was delivered by

DIXON, J. The plaintiff, having sold a carload of oats, drew a draft on the buyer for the price—$499.03—dated July 12th, 1899, and payable at sight to the order of the Middlesex County Bank. On July 13th he delivered the draft, together with a bill of lading for the oats, to that bank for collection, and on the same day the bank endorsed the draft and sent it for collection to the defendant bank, located in the town where the drawee lived. On the afternoon of that day the Middlesex County Bank, being insolvent, was closed by the banking department of the state and its business as a bank ceased. On July 14th the defendant bank presented the draft and bill of lading to the drawee and received payment thereof. The plaintiff was never credited with the amount of the draft by the Middlesex County Bank, nor was that bank credited with it by the defendant until after the draft was paid, when the defendant, having no notice of the other bank's insolvency, gave credit for it on the account current between the banks, which still shows a balance due the defendant.

On these facts the Middlesex Circuit Court found that the plaintiff was entitled to recover from the defendant the amount of the draft, and on that finding error is now assigned.

If the defendant, when the draft was received, had accepted it as its own by applying it to the subsisting indebtedness of the Middlesex County Bank, its title would have been good against the plaintiff (*Metropolitan National Bank* v. *Loyd,* 90 *N. Y.* 530; *Hoffman* v. *First National Bank,* 17 *Vroom* 604), for, on its face, it was a negotiable instrument, and in this state the payment of a precedent debt is a valid consideration for the transfer of such instruments. But the defendant never accepted title to the draft, and when it collected the draft it did so as a mere agent. The question therefore arises, to whom did it then become accountable for the proceeds.

It is a reasonable inference that the act of the plaintiff in selecting the Middlesex County Bank as his agent to collect the draft was induced by the expectation that it would continue to transact banking business, so that such continuance was an implied condition of the continuance of the agency; and when that business was abandoned by the closing of the bank's doors on July 13th, the agency was terminated. *Manufacturers National Bank* v. *Continental Bank,* 148 *Mass.* 553. The bank thereby renounced its agency, as it had power to do, subject to liability for injurious consequences. *Story Ag.,* § 478. It was no longer entitled to stand as intermediary between the defendant and plaintiff, or to demand the proceeds of the draft, or to control them for its own benefit. If those proceeds had been transmitted to it or to its receiver, the duty of the recipient would have been to forward them directly to the plaintiff. *National B. & D. Bank* v. *Hubbell,* 117 *N. Y.* 384.

These considerations make it clear that when the defendant received the proceeds of the draft it received that which belonged wholly to the plaintiff and in which the Middlesex County Bank had no right whatever. The law of commercial paper was no longer applicable to the circumstances;

the case had become one in which the defendant's right was simply the right of a person who holds funds that belong to another. No doubt conditions may be supposed in which the defendant, if it had actually parted with the funds under the direction of the Middlesex County Bank and in ignorance of its insolvency, might protect itself against the plaintiff's demand, on the ground of estoppel or on the doctrine that, when one of two innocent parties must suffer, he who by greater caution might have prevented the loss shall bear it. But the defendant has not parted with the proceeds, and will suffer no detriment by being obliged to pay them to the plaintiff; it merely fails to gain an advantage which it would reap if it were allowed to apply the plaintiff's funds to the payment of a debt due from an insolvent debtor.

The case of *First National Bank* v. *First National Bank,* 76 *Ind.* 561, is like the present in its essential features. The only difference lies in the fact that there the endorsements were special "for collection," so that the will of the endorsers prevented any transfer of title, while here such transfer was prevented by the will of the endorsees; but the important fact in both cases is that title to the paper never passed out of the plaintiff, and therefore its proceeds were the property of the plaintiff. The right of the plaintiff to recover from the collecting bank was upheld in that case, and should be in this. The defendant is accountable to the plaintiff, and to him alone, for the proceeds of the draft. *Comstock* v. *Hier,* 73 *N. Y.* 269.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, COLLINS, GARRETSON, HENDRICKSON, PITNEY, KRUEGER, ADAMS, VREDENBURGH, VOORHEES, VROOM.  14.

*For reversal*—None.